# In the United States Court of Federal Claims

No. 11-456T

(Filed: October 9, 2013)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JONATHAN L. KAPLAN,

        Plaintiff,

v.

THE UNITED STATES,

        Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Rule 12(b)(1) Motion to Dismiss; 26 U.S.C. § 6672; Tax Refund Suit; Divisible Tax; Cohan Rule; Payroll Taxes.

*Rachael E. Rubenstein*, Saint Mary's University, Center for Legal and Social Justice, San Antonio, Texas, for Plaintiff.

*Carl D. Wasserman*, with whom were *Kathryn Keneally*, Assistant Attorney General, *David I. Pincus*, Chief, Court of Federal Claims Section, *G. Robson Stewart*, Assistant Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for Defendant.

OPINION AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

WHEELER, Judge.

    Before the Court is the Government's Rule 12(b)(1) motion to dismiss this case for lack of subject matter jurisdiction. Plaintiff, Jonathan L. Kaplan, filed this action to obtain a refund of three $100 payments he made toward $86,902.76 in trust fund recovery penalties assessed by the Internal Revenue Service (IRS) under 26 U.S.C. § 6672. The IRS assessed the penalties after finding Mr. Kaplan liable, as a managing member, for the failure of Merchants Restaurant-SA, LLC ("Merchants Restaurant") to remit employee withholding taxes for three quarters in 2008.

The Government argues that Mr. Kaplan fails to satisfy the "full-payment rule" as modified by the divisible tax exception. Under this rule, to establish subject matter jurisdiction, a plaintiff must make a payment toward an assessed tax liability in an amount equal to or greater than the withholding tax of one employee in one quarter. As explained below, the Court agrees with the Government that Mr. Kaplan has failed to satisfy the full-payment requirement, and concludes that this case must be dismissed for lack of subject matter jurisdiction.

### Background

On December 20, 2010, the IRS assessed trust fund recovery penalties against Mr. Kaplan totaling $86,902.76. Compl. ¶ 5. The IRS assessed this tax liability pursuant to 26 U.S.C. § 6672 after finding that for the first, second, and third quarters of 2008, Mr. Kaplan had failed to remit federal income and Federal Insurance Contributions Act (FICA) withholding taxes for the employees of Merchants Restaurant, a Texas limited liability company. Id. ¶¶ 3, 5, 7. Mr. Kaplan is listed as one of the company's three managing members in the certificate of formation filed with the Texas Secretary of State. Id. ¶ 7.

Between January 19, 2011 and June 20, 2011, Mr. Kaplan made three payments of $100 toward the penalties associated with each of the three tax quarters. Id. ¶¶ 16-18. With each payment, he submitted IRS Form 843 to claim a refund of the amount he had paid. Id. On June 27, 2011, the IRS mailed a determination letter to Mr. Kaplan, denying his three claims for a refund and reaffirming the full judgment against him. Id., Ex. A. Mr. Kaplan then sought his refund by filing this action on July 12, 2011.

The Government filed an answer to the complaint on June 1, 2012, stating lack of subject matter jurisdiction as an affirmative defense. Answer at 3. Then, on August 21, 2013, the Government filed its Rule 12(b)(1) motion to dismiss. Mr. Kaplan submitted a response on September 17, 2013, and the Government replied on September 24, 2013. Based on the briefings submitted by the parties, and for the reasons set forth below, this Court issued an order on September 26, 2013 vacating all pending proceedings in this case for lack of subject matter jurisdiction.

### Analysis

A. Standard of Review

A court may not consider the merits of a case over which it lacks subject matter jurisdiction. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998). In determining whether to grant or deny a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the factual allegations contained in the complaint and the

reasonable inferences drawn therefrom should be viewed in the light most favorable to the plaintiff. Hamlet v. United States, 873 F.2d 1414, 1416 (Fed. Cir. 1989) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). However, the plaintiff ultimately bears the burden to establish subject matter jurisdiction by a preponderance of the evidence. Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). If the plaintiff fails to meet this burden, the court must order dismissal.

B. Subject Matter Jurisdiction in Tax Refund Suits

This Court's jurisdiction over tax refund suits is conferred by 28 U.S.C. § 1491(a). See Hinck v. United States, 64 Fed. Cl. 71, 76 (2005), *aff'd*, 446 F.3d 1307 (Fed. Cir. 2006), *aff'd*, 550 U.S. 501 (2007). This jurisdiction is subject to the full-payment rule, which generally requires that claimants satisfy a tax liability in full before commencing a suit for its refund. Shore v. United States, 9 F.3d 1524, 1527 (Fed. Cir. 1993) (citing Flora v. United States, 362 U.S. 145, 150 (1960)). An exception to the full-payment rule is afforded to claimants seeking the refund of a divisible tax assessment, one example of which is a section 6672 assessment arising from an employer's failure to remit withholding taxes for a group of employees.

This exception, or adjustment, to the full-payment rule derives from the premise that a section 6672 assessment is a "cumulation of separable assessments for each employee from whom taxes were withheld." Boynton v. United States, 566 F.2d 50, 51 (9th Cir. 1977). Accordingly, the payment of one employee's withholding tax satisfies the full-payment rule for that employee. This one employee essentially serves as a "test case" by enabling employers "to seek resolution of an employment tax dispute . . . without the necessity of paying up front the entire amount at issue." Dixon v. Commissioner, 141 T.C. No. 3, at *10 (2013). Thus, courts have long recognized the partial payment of a section 6672 assessment as sufficient, as long as that payment constitutes at least the "income and FICA taxes withheld from one employee," Godfrey v. United States, 784 F.2d 1568, 1573 (Fed. Cir. 1984), even where that sum amounts to only $3.56, see Ruth v. United States, 823 F.2d 1091, 1092 (7th Cir. 1987).

C. Evidentiary Burden

The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. Reynolds, 846 F.2d at 748. Although this Court must draw all reasonable inferences in Mr. Kaplan's favor, see Hamlet, 873 F.2d at 1416, in this case, reason does not support the inferences that he implores the Court to draw.

Mr. Kaplan cites Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), to support the argument that his estimated payment of $100 satisfies the full-payment requirement. In Cohan, Judge Learned Hand held that the predecessor of the IRS erred in refusing a

taxpayer even a single penny of claimed business deductions when the evidence unequivocally established the existence of at least some business expenses. That holding is inapplicable here. First, the application of Cohan has been limited to disputes regarding business deductions, which are not at issue in this case. Second, even if it were extended to cover this case, the Cohan rule does not suggest that courts should accept the legal validity of any taxpayer estimate. Instead, the rule merely gives courts the authority to estimate amounts based on the evidence in the record. See Jean Baptiste v. Commissioner, 77 T.C.M. 1606, 1609 (1999). In fact, Judge Hand signals that it would be bad policy for courts to simply accept the estimate of "the taxpayer whose inexactitude is of his own making." Cohan, 39 F.2d at 544.

In this case, the evidence in the record is insufficient for the Court to conclude that Mr. Kaplan has satisfied the full-payment requirement. The only direct evidence that he offers is one payroll report for one week of one quarter. See Pl.'s Resp. (Sep. 17, 2013), Ex. A. Of the 30 employees in the report, four had gross FICA and income tax withholding of $7.69 or less. See id. From that $7.69 figure, Mr. Kaplan extrapolates a total of $99.97 for a full thirteen-week quarter. Pl.'s Resp. at 5-6. Thus, he concludes, his payments of $100 must be enough to meet the divisible tax threshold for at least one employee. Id. The problem with this conclusion is that it assumes a certain level of consistency in work schedules without any reasonable basis for such an assumption. Indeed, a comparison with payroll reports from the fourth quarter of 2008 reveals tremendous variation in the number of hours worked. Given these circumstances, it would be unreasonable to extrapolate an entire quarter's worth of information from just one week's payroll report. Accordingly, Mr. Kaplan cannot meet his burden of showing this Court's subject matter jurisdiction.

## Conclusion

For the reasons set forth above, the Government's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is GRANTED, and this case is DISMISSED without prejudice.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge