# In the United States Court of Federal Claims

No. 11-456T

(Filed: January 27, 2014)

```
*****************************************
                                          *
JONATHAN L. KAPLAN,                       *
                                          *
                   Plaintiff,             *   Rule 59 Motion for Reconsideration;
                                          *   Subject Matter Jurisdiction over Trust
v.                                        *   Fund Recovery Penalty (TFRP) Suits;
                                          *   "Responsible Person" under 26 U.S.C.
THE UNITED STATES,                        *   § 6672; Divisible Tax Exception to Full
                                          *   Payment Rule.
                                          *
                   Defendant.             *
                                          *
*****************************************
```

*Rachael E. Rubenstein*, Center for Legal and Social Justice, Saint Mary's University School of Law, San Antonio, Texas, for Plaintiff.

*Carl D. Wasserman*, with whom were *Kathryn Keneally*, Assistant Attorney General, *David I. Pincus*, Chief, and *G. Robson Stewart*, Assistant Chief, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, Washington, D.C., for Defendant.

OPINION AND ORDER
ON PLAINTIFF'S MOTION FOR RECONSIDERATION

WHEELER, Judge.

On October 9, 2013, the Court granted Defendant's motion to dismiss Plaintiff Jonathan L. Kaplan's complaint for lack of subject matter jurisdiction. On November 7, 2013, Mr. Kaplan filed a motion for reconsideration pursuant to Rule 59 of the Rules of the U.S. Court of Federal Claims. The Government filed a response in opposition to the motion, and Mr. Kaplan filed a reply in support. This motion has been fully briefed, and the matter is now ready for decision. For the reasons explained below, Plaintiff's motion for reconsideration is GRANTED.

Background

On December 20, 2010, the Internal Revenue Service ("IRS") assessed $86,902.76 in trust fund recovery penalties against Mr. Kaplan after determining that for the first three quarters of 2008, he had failed to pay employment taxes for the employees of Merchants Restaurant SA, LLC ("Merchants Restaurant") as required by I.R.C. § 6672. Kaplan v. United States, 113 Fed. Cl. 84, 85 (2013).  Mr. Kaplan subsequently made three $100 payments toward the penalties associated with the three respective tax quarters and claimed a refund for each payment.  Id.  When the IRS denied his claims and demanded payment of the full penalty, Mr. Kaplan filed his complaint in this Court, seeking a refund of his $300 in tax payments and a determination that he is not liable for the trust fund recovery penalties.  Id.

Prior to arguing the merits of the case, the Government filed a motion to dismiss Mr. Kaplan's complaint because his $100 payments did not satisfy the jurisdictional requirement that he "pay the entire assessment for at least *one* employee per quarter." Def.'s Mot. to Dismiss 1.  The Government demonstrated that Plaintiff had "produced no evidence" showing the assessed tax for any employee in any of the relevant quarters.  Id. at 1-2, 6-7.  Mr. Kaplan responded by providing one week's worth of payroll records and, by extrapolation, arguing that this evidence was sufficient to meet his burden of establishing subject matter jurisdiction by a preponderance of the evidence.  Pl.'s Resp. to Def.'s Mot. to Dismiss 4-6.  The Court disagreed, concluding that one week's worth of records was an insufficient basis from which to extrapolate the data for a thirteen-week quarter, and therefore dismissed the complaint.  Kaplan, 113 Fed. Cl. at 86-87.  On November 7, 2013, Mr. Kaplan filed his motion for reconsideration.

Discussion

A.  Standard of Review

To succeed, a motion for reconsideration must show "exceptional circumstances justifying relief based on a manifest error of law or mistake of fact."  Stueve Bros. Farms, LLC v. United States, 107 Fed. Cl. 469, 474 (2012) (citations and internal quotation marks omitted), *aff'd*, 737 F.3d 750 (Fed. Cir. 2013).  This showing can be made on one of three grounds: (1) an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of preventing manifest injustice. Bishop v. United States, 26 Cl. Ct. 281, 286 (1992).

2

B.  Analysis

In this case, Plaintiff's motion is based on the third ground.  Mr. Kaplan asserts that the Court "effectively conclude[d] that Plaintiff is a 'responsible party' before he ha[d] the opportunity to present the merits of his case" and thereby denied his access to a proper forum.  Pl.'s Reply 2.  This assertion represents a shift in Plaintiff's legal theory.  Earlier Mr. Kaplan argued that he could establish subject matter jurisdiction by extrapolating from limited records, see Pl.'s Resp. to Def.'s Mot. to Dismiss 4-6, but now he argues that he can establish jurisdiction without any records at all, see Pl.'s Mot. for Recons. 13.  Although the Government is correct that ordinarily "an argument made for the first time in a motion for reconsideration comes too late," this is only a general principle that is subject to exceptions.  Bluebonnet Sav. Bank, F.S.B. v. United States, 466 F.3d 1349, 1361 (Fed. Cir. 2006); Gen. Elec. Co. v. United States, 416 F.2d 1320, 1322 (Ct. Cl. 1969).  Ultimately, whether to grant a motion for reconsideration is left to the sound discretion of the trial court.  Martin v. United States, 101 Fed. Cl. 664, 671 (2011), aff'd sub nom. Fournier v. United States, No. 2012-5056, 2012 WL 6839784 (Fed. Cir. Nov. 27, 2012).  As explained below, in this case the Court agrees with Mr. Kaplan's argument that reconsideration is necessary to prevent manifest injustice.

The crux of this argument lies in the competing evidentiary burdens imposed by the jurisdictional and liability standards in this type of divisible tax refund suit.  Under § 6672, liability is imposed on a "responsible person" (defined as "[a]ny person required to collect, truthfully account for, and pay over" employment taxes) who willfully fails to fulfill his statutory responsibilities.  Jenkins v. United States, 484 F. App'x 511, 515 (Fed. Cir. 2012) (citing Godfrey v. United States, 748 F.2d 1568, 1574 (Fed. Cir. 1984)).  The foundation of Mr. Kaplan's claims is that he was never "required to collect, truthfully account for, and pay over employment taxes" for Merchants Restaurant, and therefore never had control of the documents related to these requirements.  Compl ¶¶ 6, 8, 13-14.  In fact, even though he is listed as one of the company's three managing members in its certificate of formation, he claims that he "was unaware of this status and never agreed to assume such responsibility."  Id. ¶ 7.

However, in order to establish the Court's subject matter jurisdiction, Mr. Kaplan must prove by a preponderance of the evidence that he has paid the assessed tax for at least one employee.  Cencast Servs., L.P. v. United States, 94 Fed. Cl. 425, 435 n.7, 439 (2010), aff'd, 729 F.3d 1352 (Fed. Cir. 2013).  More precisely, he must show that his payments of $100 were sufficient to cover the full assessment attributable to at least one employee in each quarter.  This, of course, cannot be done without some record of the amount of payroll taxes assessed per employee per quarter.  In his motion for reconsideration, Mr. Kaplan relates in detail his diligent but futile efforts at obtaining these records.  Pl.'s Mot. for Recons. 6-11.  He then explains that he is unable to provide

3

this evidence for exactly the same reason he is not liable for the assessed taxes, that is, he is not a responsible person under § 6672. Id. at 12.

Thus, assuming these representations are true, Mr. Kaplan is caught in an "evidentiary Catch-22." In order to prove the merits of his argument that he is not a "responsible person," he must first produce the evidence for which he is not responsible. This inequity is magnified by the fact that the Government is itself unable to state what minimum payment would be sufficient. See id. at 9-10; Def.'s Resp. to Pl.'s Mot. for Recons. 7.

In the end, the merits of this case will turn on whether Mr. Kaplan is liable for the full $86,902.76 penalty, and the divisible amount at issue is merely representative of that full amount. Indeed, "[w]hen a taxpayer sues for a refund based on a divisible refund claim, it is meant to 'test the validity of *the entire assessment*.'" Cencast, 729 F.3d at 1366 (quoting Lucia v. United States, 474 F.2d 565, 576 (5th Cir. 1973)). Under the circumstances of this case, the Court is not inclined to prevent Mr. Kaplan from challenging that full assessment in this forum simply because the representative amount he paid might not be representative enough. Accordingly, the Court accepts the three $100 payments as sufficient to establish subject matter jurisdiction. See, e.g., Schultz v. United States, 918 F.2d 164, 165 (Fed. Cir. 1990) (accepting plaintiff's payment of $100 toward the $20,691.38 penalty assessed against him); Cook v. United States, 52 Fed. Cl. 62, 66 (2002) ($97,760.00 penalty).

## Conclusion

For the reasons set forth above, Plaintiff's motion for reconsideration is GRANTED, and the Government's motion to dismiss the complaint for lack of subject matter jurisdiction is DENIED. The Government's motion to dismiss its counterclaim is DENIED without prejudice. The Court's earlier decision in Kaplan v. United States, 113 Fed. Cl. 84 (2013), is VACATED.

The Court will contact counsel for the parties shortly to set a new trial date.

IT IS SO ORDERED.

                                                  s/ Thomas C. Wheeler
                                                  THOMAS C. WHEELER
                                                  Judge